Dear Mr. Fisher:
Your request for a formal opinion from this office has been assigned to me for research and reply. The facts contained in your letter dated February 23, 1992 raise for determination the issue of which municipal officer may draw checks against the Treasury of the Village of Fisher. Because the Village of Fisher is a Lawrason Act municipality, the provisions of LSA R.S. 33:321, et. seq., are applicable.
LSA R.S. 33:404 sets forth the mandatory powers, duties, and responsibilities of the mayor. Within the statute, reference is made specifically to the mayor's check-writing authority:
 The mayor shall have the following powers, duties, and responsibilities. . . . To sign warrants drawn on the treasury for money, to require that the municipal clerk attest to such warrants, to affix the municipal seal thereto, and to keep an accurate and complete record of all such warrants. LSA R.S. 33:404(A)(8); (Emphasis added).
It continues to be the opinion of this office that the authority for signing checks is vested solely within the mayor as the executive officer and administrator of the municipality. In Opinion Number 87-477, the author addressed the validity of ordinances authorizing council members, rather than the mayor, to sign checks and concluded:
 The mayor is also given the authority to sign warrants drawn on the municipal treasury, to require that the clerk attest to such warrants, to affix the municipal seal on the warrant, and to keep an accurate and complete record of all warrants. It has been the opinion of this office that the signing of checks and other legal documents is a governmental and executive duty specifically granted to the mayor which only he can exercise. It is not an administrative duty to be performed by another officer. Thus, the ordinances which authorize two council members, and only those individuals to sign municipal checks are violative of LSA R.S. 33:404 and are improper. (Emphasis added). See copy of Opinion Number 87-477, enclosed.
Aldermen do not have the authority to require an alderman's signature on checks drawn on the municipality's treasury. The aldermen, constituting the legislative branch of municipal government under grant provided in LSA R.S. 33:362, may not usurp the executive powers of the mayor. See copy of Opinion Number 89-90, enclosed, which addresses this issue in more detail.
The opinion of this office is only the acting mayor, J. Michael Slay, has authority to sign checks drawn upon the treasury of the Village of Fisher. Any ordinance, resolution, or practice allocating this function to another officer or alderman is improper.
If there is any further information you require, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0060E